OPINION
{¶ 1} On June 28, 1999, the Miamisburg Municipal Court awarded a money judgment of six hundred and ninety-five dollars against Defendant-Appellant, Cynthia A. Salins, and in favor of Plaintiff-Appellee, E. Dwayne Brewer, on Brewer's claim for forcible entry and detainer. Previously, on June 15, 1999, the court had ordered the premises restored to Brewer.
 {¶ 2} Salins filed a notice of appeal to this court from the June 15, 1999 order of restitution. Upon review, we affirmed the Municipal Court's order. Brewer v. Salins (May 18, 2001), Montgomery App. No. 18152. In doing so we noted that any error or defect in the June 28, 1999 judgment for money damages was not before us because Salins had not filed a notice of appeal from that judgment. Id.
 {¶ 3} Salins filed an application for reconsideration, which we denied. She also sought review of our decision by the Supreme Court of Ohio, which declined jurisdiction.
 {¶ 4} Subsequently, on May 9, 2002, Salins filed a motion asking the Miamisburg Municipal Court to vacate its June 28, 1999, award of money damages. The motion and other requests for relief that Salins filed were referred to a magistrate, who rendered a decision denying the relief Salins requested. Salins filed objections. The court overruled her objections and adopted the magistrate's decision on September 25, 2002.
 {¶ 5} Salins filed a timely notice of appeal from the Municipal Court's order of September 25, 2002. She presents five assignments of error. They challenge findings the trial court made when it denied her motion to vacate and for other relief. The findings, like Salins' motions, concern alleged defects in the pleadings and other documents in the proceeding which result in the June 28, 1999 award of money damages.
 {¶ 6} The order of June 28, 1999 was a final order, from which no appeal was taken. The Municipal Court could not thereafter modify its terms. Neither could the court vacate the judgment for some procedural irregularity, to the extent that any of the grounds in Civ.R. 60(B)(1)-(3) might be implicated, because the motion to vacate that Salins filed on May 9, 2002, was filed more than one year after the money judgment of June 28, 1999, had been entered. The court then could not grant the other relief that Salins also sought, which was to stay the relief the court had awarded Brewer and/or to impose sanctions for his alleged misconduct. Therefore, the court did not err or abuse its discretion when it overruled the motions Salins filed.
 {¶ 7} The assignments of error are overruled. The judgment of the trial court will be affirmed.
FAIN, P.J. and YOUNG, J., concur.